**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| James McCoy, Patrick McCoy, Wayne Holcomb, James Trafford, and Christopher Miranda, individually and on behalf of all others similarly situated, known and unknown, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 23-cv-2265 |
| Hard Rock Concrete Cutters, Inc. | ) ) | Hon. John F. Kness |
| Defendant. | ) ) | |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiffs James McCoy, Patrick McCoy, Wayne Holcomb, James Trafford, and Christopher Miranda, on behalf of themselves and all others similarly situated, through their attorneys, the Garfinkel Group, LLC, complain against Defendant Hard Rock Concrete Cutters, Inc., (hereafter "Hard Rock"), for breach of contract in violation of the Labor-Management Relations Act 29 U.S.C. § 185, et seq., and in support thereof states:

**INTRODUCTION**

1.     Plaintiffs and the putative class they seek to represent were all members of Laborers' International Union of North America ("LIUNA" or "the Union").

2.     LIUNA negotiated and entered into a collective bargaining agreement ("CBA") with Hard Rock, on behalf of its members in or about June 1, 2017 effective to May 31, 2021. On information and belief earlier versions of the CBA included similar provisions regarding double time and show up time detailed below.  A copy of the CBA is attached hereto as Exhibit A.

3.     Included within the CBA was a provision mandating that if union members worked in excess of twelve consecutive hours, all hours worked after twelve would be paid at a rate of two times the regular hourly rate.

1

4.      Hard Rock agreed to the CBA, yet it failed to ever pay Plaintiffs or the putative class members that promised rate of pay.

## PARTIES

5.      Plaintiff James McCoy is a former employee of Defendant Hard Rock. He was hired on or about November 1, 2010 and was employed as a concrete cutter until on or about January 16, 2020.

6.      At all times relevant he was a member of LIUNA and subject to the CBA between LIUNA and Hard Rock.

7.      Plaintiff Patrick McCoy is a former employee of Defendant Hard Rock. He was hired on or about May 24, 2011 and was employed as a concrete cutter until on or about July 13, 2020.

8.      At all times relevant he was a member of LIUNA and subject to the CBA between LIUNA and Hard Rock.

9.      Plaintiff Wayne Holcomb is a former employee of Defendant Hard Rock. He was hired on or about April 24, 2015 and was employed as a concrete cutter until on or about March 20, 2020.

10.      At all times relevant he was a member of LIUNA and subject to the CBA between LIUNA and Hard Rock.

11.      Plaintiff James Trafford is a former employee of Defendant Hard Rock. He was hired on or about October 15, 2015 and was employed as a concrete cutter until 2019.

12.      At all times relevant he was a member of LIUNA and subject to the CBA between LIUNA and Hard Rock.

13.      Plaintiff Christopher Miranda is a former employee of Defendant Hard Rock. He was hired on or about April 12, 2019 and was employed as a concrete cutter until on or about November 22, 2019.

14.     At all times relevant he was a member of LIUNA and subject to the CBA between LIUNA and Hard Rock.

15.     Defendant Hard Rock is an Illinois Corporation with its headquarters at 601 Chaddick Dr. Wheeling, Cook County, Illinois.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

17.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), (2) (venue generally).

## CLASS ALLEGATIONS

18.     Plaintiffs bring this suit individually and as a class action pursuant Federal Rule of Civil Procedure 23 on behalf of themselves, and all similarly situated individuals. The class that Plaintiffs seek to represent is composed of:

> a.   All members of [union] employed by Hard Rock during the ten years prior to the date of filing through to the date of judgment in this action who were not paid their promised wages pursuant to the collective bargaining agreement between [union] and Hard Rock.

19.     The class is so numerous that joinder of all members is impracticable and the disposition of their claims in a class action is a benefit to the parties and the Court. Defendants employed approximately thirty-five union members at any one time and experienced significant turnover during the statutory period meaning the class likely exceeds one hundred individuals.

20.     The proposed class members share a well-defined common interest with respect to both questions of law and fact involved because they were or are all being denied payment of promised wages pursuant to the CBA.

21.     A key common question of law and fact involves Hard Rock's failure to compensate its union employees pursuant to the CBA in violation of the IWPCA.

22.     Similarly, proposed class members have been denied payment of their promised wages. Plaintiffs therefore satisfy the commonality requirement for a class action.

3

23.     The claims of McCoy, McCoy, Holcomb, Trafford, and Miranda are typical of the claims of the class as a whole because all were union members who were not paid promised wages pursuant to the CBA and like the proposed class members were similarly damaged by Defendant's failure to pay promised wages per the terms of the CBA.

24.     Plaintiffs are adequate class representatives because they have worked for Defendants as union laborers and were not paid their promised wages. Their interests are not antagonistic or in conflict with the interests of the class as a whole.

25.     The attorneys seeking to represent the class are sufficiently qualified and experienced in representing plaintiffs in wage claims in federal and state court and in employment-related class actions.

26.     Plaintiffs seek monetary damages for all class members. Compensation is set by the union-negotiated CBA meaning the monetary damages can be calculated without the participation of individual class members.

27.     Plaintiffs also seek injunctive and declaratory relief to remedy the Hard Rock policy or practice of not paying all promised wages in violation of the CBA.

**FACTS**

28.     Plaintiffs are, and at all times relevant were, all members of LIUNA.

29.     The Union negotiated three Collective Bargaining Agreements: Building Agreement; Road Building Agreement; and Sewer and Tunnel Agreement, with three Employer trade associations on behalf of Chicago area members: Builders' Association, Mason Contractors' Association of Greater Chicago, and Great Lakes Construction Association.  See Exhibit A.

30.     At all times relevant, Defendant Hard Rock was a member of one or more of the Employer trade associations subject to all three CBAs, including the Building Agreement and Road Building Agreement.

4

31.     At all times relevant Plaintiffs and the putative class were members of the Union and subject to the provisions in the Building Agreement and Road Building Agreement.

32.     Article II of the Building Agreement codifies hours and overtime rules between Employers, like Hard Rock, and Employees, like the named Plaintiffs and putative class members. Paragraph 1 states in relevant part:

> A single shift, eight (8) hours per day, between the hours of 7:00 a.m. and 3:30 p.m., Monday through Friday, shall constitute the normal workday and straight time shall be paid.
>
> On Monday through Friday, the first eight (8) hours' work shall be paid at straight time, the next four (4) hours at time and one-half, and double time thereafter.
>
> On Saturdays, time and one-half will be paid for the first ten (10) hours worked and double time thereafter. On Sundays, all hours are to [be] paid at the rate of double time until the start of the Monday shift.

33.     Additionally, the Building Agreement codifies the agreement between Employers, like Hard Rock, and Employees, like the named Plaintiffs and putative class members, regarding "show up time." Paragraph 1, Article XIII of the Building Agreement states, in pertinent part:

> Any Laborer reporting for work upon order expressed or implied by the Employer or his Agent and not put to work for any reason, except weather conditions, fire, accident, or other unavoidable cause, shall receive four (4) hours' pay for lost time
> . . .
> Any person other than a regular Employee who is called for temporary work for just a portion of one day, and who works more than four (4) hours in any one day, shall receive equivalent of not less than eight (8) hours' pay for said day, unless such Employee is prevented from completing a day's work because of inclement weather . . .

34.     Finally, the Building Agreement's Article VIII sets forth the hourly rates of pay to be paid to all employees, including automatic hourly rate increases to take effect each year.

35.     Like the Building Agreement, the Road Building Agreement also codifies agreements on hours and overtime pay. Article III states:

> When one shift is used, eight (8) hours per day, between 7:00 a.m. and 3:30 p.m. from Monday through Friday, inclusive, shall constitute the normal work day and straight time shall be paid. . . .

On Monday through Friday, the fisrst eight (8) hours' work shall be paid at straight time, the next four hours at time and one-half, and double time thereafter.

. . .

On emergency work performed on Saturdays, rates on single shift work shall be time and one-half for the first ten (10) hours worked, and thereafter double time shall be paid until 8:00 a.m. Monday; however under no conditions shall more than ten (10 hours be worked at the rate of time and one-half.

36. With respect to show up time, Article XI of the Road Building Agreement states:

Any Employee reporting for work upon order expressed or implied by the Employer and not put to work for any reason except weather conditions, fire or accident, shall receive four (4) hours' pay.

37. At all times relevant it was agreed between Plaintiffs and Defendant Hard Rock that these provisions governed the payment of wages to the Plaintiffs.

38. However, during the course and scope of Plaintiffs' employment with Defendant Hard Rock, they were never paid double time for hours worked as required by the Building and Road Building Agreements.

39. Further, during the course of their employment, Plaintiffs were not paid show up time as required by the Building and Road Building Agreements. Instead, Hard Rock would pay only two hours of show up time instead of four or eight.

40. During the course of their employment, Plaintiffs observed that other union members employed by Hard Rock who complained about the nonpayment of show up time or double time per the CBA would, subsequent to, and seemingly in retaliation for their complaints, have their weekly hours cut by Hard Rock.

41. Further, Plaintiffs observed that when the other union members complained, including formal complaints and grievances to the union, about nonpayment of show up time or double time, the union failed to take any action to address, escalate, or otherwise process the complaint via the procedures established in the CBA.

42. Union members who filed grievances against Hard Rock for nonpayment of show up time or double time were effectively black balled, both at Hard Rock and other employers, resulting in loss of regular, full-time hours of work.

43. Plaintiffs thus were faced with the choice of filing grievances to obtain a short term recovery of owed wages and subsequent long term loss of steady employment, or keeping their mouths shut and keeping their regular full-time hours of work, albeit with a loss of promised, collectively bargained show up time and overtime wages.

44. Moreover, during the course and scope of Plaintiffs' employment with Hard Rock, despite numerous allegations by other union members about nonpayment of show up time or double time, the union never conducted a payroll audit of Hard Rock as permitted by the CBA.

45. The Union representing Plaintiffs breached its duty of fair representation in failing to protect other members who did file grievances against Hard Rock from retaliation and in failing to prosecute grievances made by members against Hard Rock.

46. Plaintiffs feared retaliation by Hard Rock if they complained about Hard Rock's failure to pay wages as required by the CBA and had a good faith belief that if they filed a formal union grievance, it would not be processed or prosecuted by the union, based on their observations of other union members' grievances and subsequently blackballing.

47. However, Plaintiff Jim McCoy shortly before retiring, and therefore no longer concerned with potential retaliation or blackballing by Hard Rock, complained about Hard Rock's failure to pay double time or show up time to the Union.

48. Plaintiff Jim McCoy's complaint was never processed by the Union and he received no communication from the Union in response to his complaint.

49. The Union breached its duty of fair representation to Jim McCoy by failing to process or prosecute his complaint.

## CLASS ACTION COUNT I
## LMRA – BREACH OF CONTRACT
### (2x Hourly Rate)

50. Plaintiffs incorporate Paragraphs 1 - 49 by reference as though fully set forth herein.

51. Employees subject to a collective bargaining agreement may bring suit against their employer for breach of contract based on a failure to comply with a collective bargaining agreement pursuant to the LMRA.

52. Plaintiffs were Defendant's employees, and Defendant was Plaintiff's employer.

53. Defendant agreed to pay Plaintiffs hourly wages consistent with the terms of the collective bargaining agreements entered between Defendant and Plaintiffs' union.

54. The terms of the CBA were agreed to by both Defendant and Plaintiffs' union.

55. Plaintiffs provided consideration in the form of work performed for Defendant in expectation of payment consistent with the terms of the CBA.

56. Defendant knowingly breached the CBA by failing to pay Plaintiffs their agreed and earned compensation, specifically double time for hours worked in excess of twelve on weekdays and hours worked in excess of ten on weekends.

57. As a direct result of Defendant's breach of contract, Plaintiffs were damaged in the form of being denied earned compensation.

Wherefore, Plaintiffs, individually and on behalf of all others similarly situated, respectfully request that this Court enter judgment in their favor against Defendant and award:

    A. Payment to Plaintiffs of all unpaid wages;

    B. Liquidated damages pursuant to the CBA;

    C. Such other and further relief as this Court deems appropriate and just.

## CLASS ACTION COUNT II
## LMRA – BREACH OF CONTRACT
### (Show Up Time)

58.     Plaintiffs incorporate Paragraphs 1 - 49 by reference as though fully set forth herein.

59.     Employees subject to a collective bargaining agreement may bring suit against their employer for breach of contract based on a failure to comply with a collective bargaining agreement pursuant to the LMRA.

60.     Plaintiffs were Defendant's employees, and Defendant was Plaintiff's employer.

61.     Plaintiffs were Defendant's employees, and Defendant was Plaintiff's employer.

62.     Defendant agreed to pay Plaintiffs hourly wages consistent with the terms of the collective bargaining agreements entered between Defendant and Plaintiffs' union.

63.     The terms of the CBA were agreed to by both Defendant and Plaintiffs' union.

64.     Plaintiffs provided consideration in the form of work performed for Defendant in expectation of payment consistent with the terms of the CBA.

65.     Defendant knowingly breached the CBA by failing to pay Plaintiffs their agreed and earned compensation, specifically a full four or eight hours of show up time.

66.     As a direct result of Defendant's breach of contract, Plaintiffs were damaged in the form of being denied earned compensation.

Wherefore, Plaintiffs, individually and on behalf of all others similarly situated, respectfully request that this Court enter judgment in their favor against Defendant and award:

      A.  Payment to Plaintiffs of all unpaid wages;

      B.  Liquidated damages pursuant to the CBA;

      C.  Such other and further relief as this Court deems appropriate and just.

### JURY DEMAND

Plaintiffs demand trial by jury on all issues triable herein.

The Garfinkel Group, LLC

The Civitas

701 N. Milwaukee Avenue

Chicago, IL 60642

Matthew Fletcher (IARDC No. 6305931)

matthew@garfinkelgroup.com

Haskell Garfinkel (IARDC No. 6274971)

haskell@garfinkelgroup.com

(312) 736-7991

Respectfully submitted,

*/s/ Matthew Fletcher*

One of the Plaintiffs' Attorneys